IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

Petitioner, No. CIV S-04-2471 FCD GGH P

vs.

ROY A. CASTRO, Warden,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner alleges that he was denied his constitutional rights to due process at a prison disciplinary hearing. Respondent moves to dismiss this action on statute of limitations grounds and on the grounds that petitioner has not framed a cognizable claim. Although respondent sets forth no legal argument in support of the statute of limitations bar, review by this court of briefing by both parties reveals that respondent's contention that petitioner has failed to state a ground for habeas relief is well-taken and the undersigned must recommend dismissal with prejudice of this petition.

[1] This petition was originally filed on November 21, 2002, but not reassigned to the undersigned, by random assignment, until November 19, 2004. See Order, filed on November 19, 2004.

Petition

Petitioner alleged that he was denied his due process rights at an April 25, 2001 hearing on a serious rules violation report (RVR) when prison officials failed to provide notice to petitioner of the hearing and did not appoint a staff assistant on his behalf pursuant to Cal. Code Regs. tit.xv, §§ 3315(d)[2] and 3318(b)[3] and in violation of his rights under the state and federal constitutions. Form petition, p. 7. Petitioner also claims that he was found guilty of a charge of theft on insufficient evidence as well as a charge under Cal. Code Regs. tit.xv, § 3012[4] and Cal. Penal Code § 496.[5] Id. Petitioner then goes on to assert that prison officials failed to follow the appropriate procedures governing rules violation reports, including when reducing a CDC 115 violation report to a lesser charge. Id.

Motion to Dismiss

Respondent asserts that the petition must be denied as "petitioner cannot state a cognizable constitutional claim because petitioner's rules violation report was reduced to a counseling chrono prior to hearing," which had no effect on the duration of petitioner's confinement. Motion, p. 3.

Respondent submits a copy of the petitioner's rules violation report issued on April 10, 2001 for theft after a correctional officer told petitioner, on April 4, 2001, to stop wrapping tape onto the barrel of a ballpoint pen from the prison library's tape spool, cautioned him that taking the tape constituted theft, and then had petitioner searched, whereupon the "contraband" was located on petitioner. Exhibit 1 to motion, Rules Violation Report, dated April

---

[2] This state regulatory provision sets forth the criteria upon which an inmate is assigned an investigative employee to assist in matters pertaining to a disciplinary action.

[3] This provision sets forth the duties of a staff assistant assigned to assist an inmate subject to a disciplinary hearing arising from a serious rules violation report.

[4] "Inmates may not obtain anything by theft, fraud or dishonesty."

[5] This code section sets forth the penalties for the offense of receiving stolen property.

10, 2001. A further review of the exhibit indicates that the administrative RVR is noted as having later been "reduced to 128A per K. J. Howard." Id.

Respondent's Exhibit 2 indicates that petitioner did not request postponement of his hearing pending referral of the RVR to the district attorney, but did request both a staff assistant and an investigative employee on April 13, 2001. Motion, p. 3, Exhibit 2, CDC 115A dated 4-13-01. Respondent's exhibit 3, a copy of a CDC 128A counseling chrono, indicates that the RVR was reduced, on April 25, 2001, by a Lieutenant K. Howard from a rules violation report to a counseling chrono.

Opposition

Petitioner continues to argue that he has been denied due process. See opposition. Petitioner concedes, however, although he wrongly deems it to be irrelevant, that he "suffered zero credit loss as a result" of the RVR at issue. Opp., p. 2.

Discussion

The fact that the parties agree that the duration of petitioner's sentence was in no way affected as a result of the rules violation report which was transmuted to a counseling chrono prior to any hearing signifies that petitioner cannot proceed pursuant to 28 U.S.C. § 2254. Petitioner has not met the threshold requirement for bringing a petition for writ of habeas corpus. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ...the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973). Petitioner concedes that he was never in custody as a result of a prison disciplinary hearing, but instead complains that he was denied his due process and equal protection rights because he was not a part of any hearing wherein his RVR was reduced to a counseling chrono and denied his right to a staff assistant. Opp., p. 2. Section 2254 requires that the petitioner be "in custody." 28 U.S.C. § 2254(a); see Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923 (1989). Whatever the gray areas of determining whether one is "in custody," the undersigned has no problem in concluding that a

prison disciplinary action, not at all involving the loss of time credits, and resulting only in a counseling, never satisfied the jurisdictional custody requirement for habeas corpus actions.

This leaves the possibility of amending to state a civil rights action. However, given the circumstances here, such is not possible. Due process concerns are not implicated unless the discipline imposed constitutes an atypical or significant hardship. Opp., p. 4, citing Sandin v. Connor, 515 U.S. 472, 487, 115 S. Ct. 2293, 2302 (1995). As noted, petitioner does not contend that he was assessed any credit loss and, as respondent shows, the record indicates that there was no prison disciplinary hearing held on petitioner's RVR because it was reduced to a counseling chrono prior to any such hearing. Thus far, federal courts have not been tasked with overseeing prison counseling sessions. The mere fact of counseling cannot constitute a significant hardship.

The undersigned must recommend dismissal of this petition with prejudice because petitioner has not framed a claim appropriate for habeas relief and, on the face of it, there can be no cure for this application that is fatally defective under 28 U.S.C. § 2254.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 11, 2004 motion to dismiss be granted and the petition be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\

\\\\\

\\\\\

\\\\\

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/5/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
reed2741.fr